IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CARMEN M. PARKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-69 |
| | § | |
| BOARD OF TRUSTEES OF THE | § | |
| GALVESTON WHARVES | § | |
| | § | |
| Defendant. | § | |

**JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISSAL OF CLAIMS WITH PREJUDICE**

Plaintiff Carmen M. Parker and Defendant Board of Trustees of the Galveston Wharves, a/k/a the Port of Galveston (collectively the "Parties"), through their undersigned counsel, hereby request that the Court grant approval of the executed Settlement Agreement attached hereto as Exhibit A and filed contemporaneously under seal. In support of the Joint Motion the Parties state as follows:

## I.    SUMMARY

1.    A district court can approve a proposed settlement of a claim under the Fair Labor Standards Act ("FLSA") when it is a fair and reasonable resolution of a bona fide dispute. Because the terms of the proposed settlement agreement arise from a bona fide dispute and are fair and reasonable the Parties request that this Court grant their Joint Motion and dismiss the action with prejudice.

1

## II.   FACTUAL AND PROCEDURAL BACKGROUND

2.      Plaintiff is a Sergeant with the Port of Galveston Police Department. On March 12, 2018, Plaintiff filed her Original Complaint against Defendant alleging gender discrimination and EEO retaliation claims. Defendant answered Plaintiff's Original Complaint on May 15, 2018.

3.      Plaintiff then filed her First Supplemental Complaint on June 1, 2018, alleging that Defendant failed to compensate Plaintiff for accrued compensatory leave time ("comp" time) in excess of the 480-hour cap on comp time accrual. Plaintiff also sought her attorney's fees and liquidated damages. However, also on or about June 1, 2018, Defendant paid Plaintiff for all the hours she worked in excess of her regular 40-hour work week. Defendant nonetheless answered the First Supplemental Complaint on June 25, 2018, asserting, *inter alia*, that (1) Defendant did not violate any FLSA provisions; (2) its actions were reasonable and taken in good faith, (3) Plaintiff is barred from recovery by the doctrine of payment, (4) Defendant is entitled to all just and lawful offsets, and (5) the statute of limitations bars any claims that arose during pay periods that ended more than two or three years prior to filing of the lawsuit.

4.      After Defendant paid Plaintiff overtime wages, Plaintiff still seeks her attorney's fees and liquidated damages. Defendant contends that Plaintiff is not entitled to her attorney's fees because she is unlikely to succeed on the merits. Defendant also contends that Plaintiff is not entitled to liquidated damages because Defendant acted in good faith. Thus, both liability and damages are disputed.

2

### III.   APPROVAL OF THE SETTLEMENT AND ATTORNEY'S FEES IS APPROPRIATE

5.     Because the FLSA's provisions are mandatory, employees' claims for back wages or overtime may not be waived absent either supervision by the Secretary of Labor, *see* 29 U.S.C. § 216(c), or approval by the court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Fifth Circuit has recognized the res judicata effect of a court-approved settlement of FLSA claims, where "a bona fide dispute of both law and fact was involved in the litigation, and [] the proposed settlement agreed upon was fair and equitable to all parties concerned." *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

### A.   The Proposed Settlement Should be Approved Because Bona Fide Disputes Exist Between the Parties

6.     To approve of a settlement agreement, a court must "determine whether [] the settlement involves the resolution of a bona fide dispute over an FLSA provision." *Preston v. Navika Capital Grp., LLC*, No. 3:15-CV-218, 2016 U.S. Dist. LEXIS 168752, at *2 (S.D. Tex. Dec. 6, 2016) (quoting *Cormier v. C & S Wireline Services*, L.L.C., CIVIL NO. 2:15-CV-209, 2015 U.S. Dist. LEXIS 91764, 2015 WL 12803706, at *1 (S.D. Tex. July 15, 2015)).

7.     The Parties have engaged in settlement discussions and have exchanged information regarding the claims asserted in this litigation. After the Parties discussed the issues involved in this case, bona fide disputes remain regarding whether, and to what extent, Defendant would be liable for the alleged violations of the FLSA.

3

8.      There is a bona fide dispute over whether Plaintiff is entitled to attorney's fees and liquidated damages. Even though Defendant paid Plaintiff all the overtime wages to which she claims she was entitled, Plaintiff still seeks her attorney's fees and liquidated damages under the FLSA. On the other hand, Defendant contends that Plaintiff is not entitled to her attorney's fees because she is unlikely to succeed on the merits, and that Plaintiff is not entitled to liquidated damages because Defendant acted in good faith.

9.      In addition, there is a bona fide dispute over whether Plaintiff can establish a "willful" violation of the FLSA, and therefore, whether the presumptive two-year statute of limitations would govern this case.

**B. The Proposed Settlement Should be Approved Because it is Fair and Equitable.**

10.     The proposed settlement is both fair and equitable. Most courts proceed in the FLSA approval process using the framework developed for determining fairness of class actions under Rule 23. *See, e.g.*, *All Plaintiffs v. All Defendants*, 645 F.3d 329, 334 (5th Cir. 2011); *In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1063 (S.D. Tex. 2012); *Liger v. New Orleans NBA Ltd. P'ship*, No. 15-1969, 2009 U.S. Dist. LEXIS 85733, at *7–8 (E.D. La. Aug. 27, 2009) (citing cases from several United States district courts). A court considers the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of counsel. *See All Plaintiffs*, 645 F.3d at 334.

11.     Where experienced attorneys representing interested parties have negotiated the settlement at arm's length, a strong presumption exists that the compromise is fair and reasonable. *United States v. Tex. Educ. Agency*, 679 F.2d 1104, 1108 (5th Cir. 1982). The Fifth Circuit also has recognized that courts must rely to a large degree on the judgment of competent counsel. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). If a settlement in an FLSA lawsuit reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the district court may approve the settlement to "promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

12.     With respect to the first factor, "[t]he court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lee v. Metrocare Servs.*, Civil No. 3:13-cv-2349-O, 2015 U.S. Dist. LEXIS 194001, at *14-15 (N.D. Tex. 2015). Here, there is not even the slightest suggestion of fraud or collusion in this case. Rather, this proposed "settlement agreement was a result of arms-length negotiations by experienced counsel on both sides." *Id.* (citations omitted).

13.     Regarding the second and third factors, the Parties understand that this case involves issues of factual and legal complexity and that proceeding to trial would involve incurring considerable expense in addition to the expenses already incurred.

14.     Regarding the fourth and fifth factors, Defendant has already paid Plaintiff all of the overtime wages she claims that she was owed due to her accrual of over 480 hours of comp time. However, Plaintiff also seeks her attorney's fees and liquidated damages under the FLSA, which are encompassed in the proposed settlement agreement.

If the case were to go to trial, Plaintiff could recover more, but also could recover less, than the attorney's fees and any liquidated damages provided in the settlement given Defendant's defenses. Thus, Plaintiff's chances of recovery and the amount of her recovery are uncertain.

15.     Regarding the final factor, Plaintiff's counsel believes that Plaintiff is entitled to attorney's fees and that Plaintiff should recover liquidated damages. On the other hand, Defendant's counsel does not believe Plaintiff is entitled to attorney's fees and that Defendant has a good-faith defense to Plaintiff's liquidated damages claim. The proposed settlement agreement addresses these opinions by providing a negotiated and compromised amount of funds as any liquidated damages and other funds as attorney's fees. The proposed settlement amount also includes the Plaintiff's discrimination and retaliation claims, which are also disputed.

16.     Finally, the Parties are represented by experienced and competent counsel. Both sets of counsel have been practicing employment law for many years and have significant civil litigation experience in the area of wage and hour disputes. Counsel for the Parties believe that the terms of the proposed settlement are fair and equitable.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff and Defendant pray that the Court enter final judgment dismissing the claims in this case, in their entirety, with prejudice.

Respectfully submitted

**ADAMS AND REESE, LLP**

By:   /s/ S. Craig Wilcox
        S. Craig Wilcox
        SDTX Bar No.: 21177
        State Bar No.: 00797665
        LyondellBasell Tower
        1221 McKinney, Suite 4400
        Houston, Texas 77010
        Telephone: (713) 652-5151
        Facsimile: (713) 652-5152

        ***Attorney-in-Charge for Defendants***

OF COUNSEL:
ADAMS AND REESE LLP
LyondellBasell Tower
1221 McKinney, Suite 4400
Houston, Texas 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152

**SCHLEICHER LAW FIRM, PLLC**

By:   /s/ David R. Schleicher
        David R. Schleicher
        Texas Bar No. 17753780
        SDTX Bar No. 38077
        david@gov.law
        1500 McGowen St., Suite 220
        Houston, Texas 77004
        Telephone: (713) 489-9060
        Facsimile: (713) 489-9061

        ***Attorney for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure, on this 15th day of May, 2019.

*/s/ S. Craig Wilcox*
_____
S. Craig Wilcox
